**AYCOCK v. ASTON, JONES & CO. (No. 8512.)**

(Court of Civil Appeals of Texas. Dallas. April 9, 1921. Rehearing Denied May 7, 1921.)

Sales ⬠87(3) — Evidence held to show seller's indebtedness for charges on cotton advanced by buyers.

In buyer's action against seller, where the buyers pleaded an agreement that the seller was to pay the charges that the cotton factor had against the cotton sold, and that the buyers were to advance the money and pay the charges, and that the seller was to reimburse them for the amount so paid, evidence *held* to show

that the charges paid by the buyers for which suit was brought were proper and recoverable from defendant.

Appeal from Collin County Court; R. L. Moulden, Judge.

Action by Aston, Jones & Company against A. J. Aycock. From judgment for plaintiffs, defendant appeals. Affirmed.

Hughston & Neilson, of McKinney, for appellant.

H. Grady Chandler, of McKinney, for appellees.

TALBOT, J. The appellees sued the appellant to recover the sum of $586.12, alleging that they purchased 100 bales of cotton from appellant, said cotton being situated at Galveston, Tex., and in the hands of a cotton factor; that appellees and appellant agreed that appellees should pay appellant the sum of 30 cents per pound for the cotton, plus the concentration, or freight from Princeton, Tex., to the press at Greenville, Tex., and that appellees should pay to the cotton factor at Galveston all charges that said cotton factor might have against said 100 bales of cotton at the time of delivery to appellees, and that as soon as appellees learned the amount of the charges and paid same appellees should draw a draft on appellant for the amount so paid and appellant would reimburse appellees; that the charges that appellees were to pay and for which they would be reimbursed by appellant should include any charges which said cotton factor might have against said cotton, which charges were unknown at the time of the agreement aforesaid; that appellant drew a draft on appellees for the amount of said cottton at the rate of 30 cents per pound, plus the freight, or concentration, from Princeton, Tex., to Greenville, Tex., and attached to said draft the receipts for said cotton, which showed that it was in the hands of H. Kempner, Galveston, Tex.; that appellees paid said draft and immediately sent said receipts to their freight broker, H. L. Ziegler, Galveston, Tex., with instructions to pay the charges that H. Kempner had against said cotton and to receive same for appellees; that the said H. L. Zeigler paid said charges and received from H. Kempner a statement of the account for charges that the said H. Kempner had against said cotton; that said account showed that it was for freight and war tax $361.12, commission $125, storage and insurance $100, total $586.12; that appellees reimbursed their broker, H. L. Ziegler, for said amount of $586.12; that said account for charges was for charges on said cotton from the time it left Greenville, Tex., to the time of delivery to appellees at Galveston; that appellees demanded payment of

same from appellant, who refused to pay same.

The appellant pleaded a general demurrer, special exceptions, the general issue, and denied specially that he ever agreed to pay the freight on the cotton from Greenville to Galveston; denied that he 'ever agreed to pay any war tax thereon or to pay a commission of $125; and alleged that if the appellees were entitled to recover anything it should be not in excess of the insurance and storage, which amount he was and had been at all times willing to pay in settlement of the matters and things involved in this suit. The case was tried before a jury and submitted on special issues, and upon the finding made judgment was rendered in favor of the appellees. Appellant made a motion for a new trial, which was overruled, and he appealed.

The first assignment of error is to the effect that the court erred in refusing to give the appellant's requested instruction directing the jury to return a verdict in his favor, "because there was no legal testimony to the effect that the lawful freight charges on the shipment in question, including the war tax, was $361.12; there was no competent testimony that the charge of $125 for commissions was a lien or any incumbrance or other lawful charge against the cotton, and there was no legal testimony that the storage and insurance charge of $100 was a lien or incumbrance or a charge against the 100 bales of cotton in such a manner as to make the defendant liable therefor." The assignment is not well taken. Neither the pleadings of the appellees nor of the appellant required, in order to make out the appellees' case, any character of evidence other than that introduced. As shown, the appellant's answer consisted simply of demurrers and a denial of the allegations of the appellees' petition. The appellees' petition showed a cause of action and right to recover the amount of the several items charged therein, and the proof offered corresponded with the allegations. Briefly stated, the appellees pleaded, in effect, that it was agreed in the sale and purchase of the cotton that the appellant was to pay the charges that the cotton factor had against the cotton as set forth in the petition; that appellees were to advance the money and pay said charges and the appellant was to reimburse them for the amount so paid. Appellant did not plead or prove that any item of the charges sued for was not such charge or was illegal, improper, or unreasonable. On the other hand, the appellees proved that each and every item of said charges had been made by the cotton factor and paid by the appellees and were usual and customary in such business.

There are several other assignments of error, but they present practically the same questions as the one just disposed of and need not be discussed in detail. Neither of them points out reversible error and are overruled.

The admission of the testimony of which complaint is made was proper. The pleadings were sufficient to authorize its admission, and it consisted of the statement of facts and not of opinion evidence.

The judgment of the court below is amply sustained by the pleadings and proof, and is affirmed.

Affirmed.